# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID V. JORDAN, ) | |
| Plaintiff, ) | Civil Action No. 1:15-cv-313 |
| ) | |
| v. ) | District Judge Rothstein |
| ) | |
| UNIT MANAGER BERTOLINI, et al, ) | Magistrate Judge Susan Paradise Baxter |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

It is respectfully recommended that the motion to dismiss filed by Defendants Bertolini, Friedline, Marino, Anderson, and Baummer [ECF No. 28] be denied.

**II.   REPORT**

**A.  Relevant Procedural History**

On December 28, 2015, Plaintiff David Jordan, an inmate incarcerated at the State Correctional Institution at Forest ("SCI-Forest"), initiated this civil rights action by filing a *pro se* complaint pursuant to 42 U.S.C. § 1983. Named as Defendants to this action are: Unit Manager Bertolini, Lieutenant Baummer, and Correctional Officers Friedline, Marino, and Anderson. Plaintiff alleges Defendants retaliated against him after Plaintiff exercised his First Amendment rights to file lawsuits and grievances.

On March 22, 2016 and April 13, 2016, Defendants filed a motion to dismiss [ECF No. 15; ECF No. 19], and both times, Plaintiff responded with a proposed Amended Complaint, which were deemed filed. ECF No. 18; ECF No. 27.

1

Presently, in response to Plaintiff's Second Amended Complaint, Defendants have filed a motion to dismiss arguing, *inter alia*, that Plaintiff fails to state a claim of retaliation. ECF No. 28. Thereafter, Plaintiff filed an "Answer to the Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint, [ECF No. 37] as well as a "Brief in opposition to Defendant's Motion to Dismiss the Second Amended Complaint," [ECF No. 38] which this Court finds as Plaintiff's collective opposition brief. Defendants have filed a reply brief. ECF No. 40. This motion is fully briefed and is ripe for disposition by this Court.

### B. Standards of Review

#### 1. *Pro Se* Litigants

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-521 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Dep't of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard);

Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court may consider facts and make inferences where it is appropriate.

## 2. Motion to dismiss pursuant to Rule 12(b)(6)

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570 (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). See also Ashcroft v. Iqbal, 556 U.S. 662 (2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

A Court need not accept inferences drawn by a plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the Court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). See also McTernan v. City of York, Pennsylvania, 577 F.3d 521, 531 (3d Cir. 2009) ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). A plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 556, citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). Although the United States Supreme

3

Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D. Del.) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556 n.3.

The Third Circuit has expounded on the Twombly/Iqbal line of cases:

> To determine the sufficiency of a complaint under Twombly and Iqbal, we must take the following three steps:
>
>> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011) quoting Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010).

### A. Plaintiff's Allegations

On May 16, 2015, Plaintiff claims Defendants Friedline, Anderson, Baummer, and Marino conducted a search of Plaintiff's cell. ECF No. 27, ¶ 11. As a result of the search, Plaintiff avers Defendant Anderson grabbed his typewriter and told Plaintiff, "I'm taking it from you." Id. at ¶¶ 12-13. After Plaintiff informed Defendant Baummer of Defendant Anderson's actions, Plaintiff alleges Defendant Baummer stated, "We are taking your typewriter until you

4

stop filing lawsuits against us." Id. at ¶¶ 14-17. Plaintiff contends Defendant Baummer's statement, along with the conduct of Defendants Friedline, Anderson, and Marino, were in retaliation for Plaintiff's numerous lawsuits and grievances filed against employees at SCI-Forest.

Thereafter, on May 26, 2015, Plaintiff filed Grievance Number 558759 against Defendants Friedline, Anderson, Baummer, and Marino for their actions during Plaintiff's cell search on May 16, 2015. Id. at ¶ 23. In response to his grievance, Plaintiff claims Lieutenant Haggerty ordered a release of the typewriter back to Plaintiff. Id. at ¶ 24. However, when Plaintiff went to the clerk's office to retrieve his typewriter, Plaintiff alleges Defendant Bertolini demanded that Plaintiff signoff and withdraw his grievance against the aforementioned Defendants. Id. at ¶¶ 26-29. When Plaintiff declined to withdraw his grievance, Defendant Bertolini allegedly "snatched" the typewriter off Plaintiff and did not permit Plaintiff to take the typewriter back to his cell. Plaintiff believes Defendant Bertolini's actions were in retaliation for Plaintiff's refusal to withdraw his grievance.

### B. Retaliation

It is well-settled that "[g]overnment actions, which standing alone, do not violate the Constitution, may nonetheless by constitutional torts if motivated in substantial part by a desire to punish an individual for exercise of a constitutional right." Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003) quoting Allah v. Seiverling, 229 F.3d 220, 224-24 (3d Cir. 2000).

In order to state a *prima facie* case of retaliation, a prisoner plaintiff must show:

1) The conduct in which he was engaged was constitutionally protected;
2) He suffered "adverse action" at the hands of prison officials; and
3) His constitutionally protected conduct was a substantial or motivating factor in the decisions to discipline him.

5

Carter v. McGrady, 292 F.3d 152, 157-58 (3d Cir. 2002) quoting Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001). It is Plaintiff's burden to establish the three elements of a *prima facie* retaliation claim.

The filing of grievances or a lawsuit satisfies the constitutionally protected conduct prong of a retaliation claim. Rauser, 241 F.3d at 333; Milhouse v. Carlson, 652 F.2d 371, 373-74 (3d Cir. 1981).

To show the "adverse action" necessary to fulfill the second prong, the prisoner plaintiff must demonstrate that defendants' action were "sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights." Allah v. Al-Hafeez, 208 F.Supp.2d 520, 535 (E.D. Pa. 2002) quoting Allah v. Seiverling, 229 F.3d at 225.

To satisfy the third prong of his retaliation claim, the plaintiff must show a causal connection between his constitutionally protected activity of filing complaints and grievances and the adverse action he allegedly suffered at the hands of the defendants. "To establish the requisite causal connection a plaintiff usually must prove either (1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism coupled with timing to establish a causal link." Lauren W. v. DeFlaminis, 480 F.3d 259, 267-68 (3d Cir. 2007). "In the absence of that proof the plaintiff must show that from the 'evidence gleaned from the record as a whole' the trier of the fact should infer causation." Id. quoting Farrell v. Planters Lifesavers Co., 206 F.3d 271, 281 (3d Cir. 2000). The Third Circuit has emphasized that courts must be diligent in enforcing these causation requirements Id.

Following the satisfaction of the initial burden, the burden then shifts to the defendants to demonstrate, by a preponderance of the evidence, that their actions would have been the same, even if plaintiff were not engaging in the constitutionally protected activities. Carter, 292 F.3d at 158. At this stage, "the prison officials may still prevail by proving that they would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest." Rauser, 241 F.3d at 334.

### E. Failure to State a Retaliation Claim

Defendants argue Plaintiff has failed to allege sufficient facts to satisfy the requisite *prima facie* elements of his retaliation claim.

It is well settled that the act of filing lawsuits and grievances is a constitutionally protected activity. Rauser, 241 F.3d at 333. Defendants argue that Plaintiff's prior lawsuits only involved one of the Defendants named in this action. ECF No. 29, page 9. Defendants claim that "just because Plaintiff sued one Officer [Friedline] at SCI-Forest, does not mean that all Officers there would take offense." Id. In fact, Defendants suggest that corrections staff do not get offended because being sued is "kind of an occupational hazard for those who work in a prison setting." Id. As such, Defendants contend Plaintiff has failed to allege any protected activity that would cause the remaining Defendants to retaliate. Defendants' argument is inapposite here as Plaintiff need not specifically name each Defendant in a previous lawsuit or grievance to satisfy the constitutionally protected conduct requirement (or to provide sufficient motivation for retaliatory conduct). This Court notes that Plaintiff alleges that he has filed numerous lawsuits and grievances against employees at SCI-Forest in the past. Such an allegation is sufficient to satisfy this prong of a *prima facie* retaliation claim.

7

Defendants argue Plaintiff fails to satisfy the second prong of his retaliation claim because "cell searches are common in state prisons and conducted for security and safety reasons." ECF No. 29, page 4. Although this may be true, there is no question that cell searches and the resulting confiscation of property, if motivated by retaliatory means, satisfy the adverse action prong." Marten v. Hunt, 2009 WL 1858257, at *7 (W.D. Pa. June 29, 2009) citing Medina v. City of Philadelphia, 2004 WL 1126007, at * 7 (E.D.Pa. May 19, 2004) ("Certainly, confiscation [of personal property] could deter a prisoner from exercising his constitutional right to petition the court to redress future grievances."). The cell search and confiscation of personal property allegations are sufficient to satisfy the adverse action prong of the *prima facie* retaliation claim.

Next, Defendants assert that Plaintiff failed to satisfy the third prong of his retaliation claim, which requires a causal connection between Plaintiff's protected activity and the adverse action. However, Plaintiff alleges that one of the Defendants specifically stated that the reason Defendants were taking his typewriter was to stop the lawsuits Plaintiff continued to file against them. ECF No. 27, at ¶ 16. Additionally, Plaintiff claims Defendant Bertolini refused to give Plaintiff's property back unless he withdrew his grievance against the other Defendants in this action. Id. at ¶¶ 28-29. At this preliminary juncture in this litigation, these allegations are sufficient to suggest a causal connection between Plaintiff's protected activity and the resulting adverse action.

Following Plaintiff's satisfaction of a *prima facie* retaliation claim, Defendants "may still prevail by proving that they would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest." Rauser, 241 F.3d at 334. However, the Third Circuit has specifically warned "that the task of prison administration is difficult, and that courts should afford deference to decisions made by prison officials who possess the necessary expertise." Id.

Here, Defendants argue that their actions would have been the same even if Plaintiff were not engaging in the constitutionally protected activities because at the time the typewriter was initially confiscated it was considered contraband. However, this argument does not address the entirety of Plaintiff's retaliation claim – namely that the four officers conducted a cell search in order to confiscate the typewriter for the purpose of hindering Plaintiff's ability to file lawsuits. Accordingly, at this juncture, Defendants have not met demonstrated that their actions were reasonably related to a legitimate penological reason.

Therefore, Defendants' motion to dismiss should be denied.

### F. Personal Involvement of Bertolini

Finally, Defendants argue that Bertolini should be dismissed from this action because Plaintiff has failed to sufficiently allege his personal involvement in the alleged retaliation.

In regard to Bertolini, Plaintiff alleges that when he went to the clerk's office to retrieve his typewriter, Defendant Bertolini demanded that Plaintiff signoff and withdraw his grievance against the other Defendants. ECF No. 27, at ¶¶ 26-29. When Plaintiff declined to withdraw his grievance, Defendant Bertolini allegedly "snatched" the typewriter and did not

9

permit Plaintiff to take the typewriter back to his cell. Plaintiff believes Defendant Bertolini's actions were in retaliation for Plaintiff's refusal to withdraw his grievance.

A prison official must be personally involved in the alleged misconduct in order to be liable under § 1983. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir.1988). See also Monell v. Department of Social Services, 436 U.S. 658 (1978). If a grievance official's only involvement is investigating and/or ruling on an inmate's grievance after the incident giving rise to the grievance has already occurred, there is no personal involvement on the part of that official. Rode, 845 F.2d at 1208; Cooper v. Beard, 2006 WL 3208783, at *14 (E.D. Pa. Nov.2, 2006).

Here, Defendant Bertolini's alleged involvement was much more than the investigation of a grievance and Plaintiff's allegations are sufficient to withstand the motion to dismiss.

## III. CONCLUSION

It is respectfully recommended that the motion to dismiss filed by Defendants Bertolini, Friedline, Marino, Anderson, and Baummer [ECF No. 28] be denied.

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, the parties are allowed fourteen (14) days from the date listed below to file objections to this Report and Recommendation. Failure to do so will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

/s/
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: February 10, 2017

cc: The Honorable Barbara Rothstein
United States District Judge